## In re BARNETT'S ESTATE.

No. 4965.   Opinion Filed July 13, 1915.

(150 Pac. 692.)

1.   **EXECUTORS AND ADMINISTRATORS—Appointment of Administrator—Appeal by Third Person—Notice—Jurisdiction.** A written notice of appeal by a third person not shown to be interested in the estate by affidavit, as required by section 5453, Comp. Laws 1909 (section 6503, Rev. Laws 1910), is insufficient to confer jurisdiction upon the district court to hear an appeal from the county court on a question of the appointment of an administrator.

2.   **SAME—Bond by Third Person—Jurisdiction.** A bond executed by a third person not shown to be interested in the estate, in an attempt to appeal the case to the district court, is insufficient,

under section 5456, Comp. Laws 1909 (section 6506, Rev. Laws 1910), to confer jurisdiction upon such district court.

(Syllabus by Rittenhouse, C.)

*Error from District Court, McIntosh County;*
*Preslie B. Cole, Judge.*

Petition by Eliza Barnett, praying that letters of administration issue to her on the estate of Austin Barnett, deceased, and Sallie Barnett protested. Petitioner was appointed administratrix, and an appeal taken to the district court, and, a motion to dismiss the appeal having been overruled, a writ of error was taken to the Supreme Court. Reversed, and remanded to district court with direction to dismiss the appeal.

*Hazen Green,* for plaintiff in error.

*R. D. Howe,* for defendant in error.

Opinion by RITTENHOUSE, C. On January 22, 1912, Eliza Barnett filed a petition in the county court of McIntosh county, Okla., praying that letters of administration issue to her on the estate of Austin Barnett, deceased, alleging therein that Austin Barnett died in said county on the 8th day of January, 1912, and that at the time of his death she was his lawful wife. A protest was filed by Sallie Barnett against the appointment of Eliza Barnett, alleging that she, herself, was the lawful wife of Austin Barnett, deceased, and praying that E. G. Bailey be appointed administrator of said estate. Upon hearing, Eliza Barnett was appointed administratrix, and appeal was attempted to be perfected from this judgment to the district court. A motion was filed to dismiss the appeal on three counts: (1) That the notice of appeal under sections 5455 and 5453, Comp. Laws 1909 (sections 6505 and 6503, Rev. Laws 1910), had not been given; and (2) that

no appeal bond, as required by section 5456, Comp. Laws 1909. (section 6506, Rev. Laws 1910), had been executed.

Was the notice sufficient under the statute? Section 5455, *supra,* provides that the appeal must be made by filing a written notice thereof with the judge of the county court, stating the judgment, decree, or order appealed from, or some specific part thereof, and whether the appeal is of a question of law or fact, or of both, or, if of law alone, the particular grounds upon which the party intends to rely on his appeal. Section 5453, *supra,* provides that if a person is interested in the estate or fund affected by the decree or order, who was not a party to the special proceeding in which it was made, but who is entitled in law to be heard therein, upon his application may appeal, but the facts which entitle such person to appeal must be shown by affidavit filed with the notice of appeal. The party attempting to make the appeal was Arthur E. Railford. There is no affidavit filed with the notice showing the facts which entitled him to appeal from the judgment of the county court. The controversy was between Eliza Barnett and Sallie Barnett, each claiming to be the wife of Austin Barnett, deceased, and nowhere in the record is there any showing that the party serving the notice and attempting to make the appeal is interested in the estate, and therefore notice and proof as required by statute was not given.

The next contention is that the appeal bond as required by section 5456, Comp. Laws 1909, had not been executed. This section provides that the appeal bond shall be in such sum as the judge of the county court shall require and deem sufficient, with at least two sufficient sureties to be approved by the judge, with certain conditions to be therein incorporated. The appeal bond in

this case is executed by E. G. Bailey, as principal, and Arthur E. Railford, as surety, and given in the penal sum of $50. It will be noticed that Sallie Barnett requested the appointment of E. G. Bailey as administrator of the estate, but the county court refused to appoint him such administrator. A bond given by E. G. Bailey as principal is not a sufficient bond under said section, as the principal in said bond should be Sallie Barnett. We therefore conclude that the notice of appeal without proof of interest is insufficient upon which to predicate an appeal from the appointment of administrator to the district court, and that a bond given by a disinterested party is also insufficient.

The cause should, therefore, be reversed and remanded to the district court, with instruction that the motion to dismiss the appeal be sustained.

By the Court: It is so ordered.