### PETERSON v. BROOK et al.

No. 9344—Opinion Filed Nov. 18, 1919.

(Syllabus by the Court.)

**Guardian and Ward—Appointment—Appeal.**

Where a petition is filed requesting the court to appoint a third person guardian of a minor, and said third person is not a party to said proceeding, his right to appeal is governed by section 6503, Rev. Laws 1910, and if he fails to file the affidavit provided for in said section, the district court acquires no jurisdiction to consider his appeal.

Error from District Court, Muskogee County; R. P. deGraffenreid, Judge.

Proceedings for appointment of guardian for Luther Manuel, minor. From order of county court disapproving nomination of Carr Peterson as guardian and appointing Ed K. Brook, the minor and Peterson appealed to district court. Later the minor dismissed his appeal, and Brook moved for dismissal of Peterson's appeal, and from an order dismissing same, he brings error. Affirmed.

J. B. Furry and E. C. Motter, for plaintiff in error.

Brook & Brook, Benjamin B. Wheeler, and Neff & Neff, for defendants in error.

McNEILL, J. This controversy is over the appointment of a guardian of Luther Manuel, a minor. On the 1st day of February, 1917, Luther Manuel became fourteen years of age. At that time E. D. Sweeney was his guardian. On that date the minor nominated J. W. Box to be his guardian and filed the nomination with the county court, and requesting the county court to remove E. D. Sweeney as his guardian. On the same day, J. W. Box filed his petition to be appointed guardian. The petition was set down for hearing and objections made and the case continued from time to time. On February 13th, said Luther Manuel filed a petition asking to withdraw the nomination of Box as guardian, and on the same day filed with the court, in writing, the nomination of Clyde T. Thompson as his guardian. On said date, said Clyde T. Thompson filed a petition requesting that he be appointed guardian. Different motions and orders were made in the case. On February 14, 1917, Luther Manuel and his mother, Mulcey Manuel, filed a petition requesting that they be permitted to withdraw the nomination of J. W. Box and Clyde T. Thompson, and nominated Carr Peterson to be the guardian. On the same day, to wit, the 14th day of February, Mulcey Manuel, the mother, filed a petition for the appointment of Carr Peterson as guardian. After numerous orders and objections were made, all of said petitions were heard together, and the court made an order removing Ed Sweeney as guardian and disapproving the nominations of Box, Thompson, and Peterson and denied all three petitions, and appointed Ed K. Brook as guardian.

From the action of the court in denying the petition of Mulcey Manuel, an exception was noted, and Mulcey Manuel, Carr Peterson, and Luther Manuel gave notice of appeal, executing a bond and appealing from said order to the district court. The other parties did likewise. While said appeal was pending in the district court on the 24th day of March, 1917, Luther Manuel withdrew his objection to the nomination of Ed K. Brook and filed with the county court his approval of the appointment made by the court. After the action of the county court was approved by Luther Manuel and Mulcey Manuel, his mother, a motion was then filed in the district court by Luther Manuel and Mulcey Manuel, his mother, to dismiss their appeal, wherein they had appealed from the action of the county court in appointing Ed K. Brook as guardian and refusing to appoint Carr Peterson.

On April 23, 1907, the motions of Clyde Thompson and Mulcey Manuel and Luther Manuel to dismiss their appeal, were sustained by the court. The attorney for Ed K. Brook then moved to dismiss the appeal of Carr Peterson for the reason that Peterson was not interested in the proceedings, that

he was not aggrieved by the order of the county court from which the appeal was taken, and was not a party to the proceeding in the county court. The court sustained the motion and dismissed the appeal, and from said order, this appeal was perfected.

There is but one question to be considered in this case. That is the right of Carr Peterson to appeal from the order of the county court refusing to appoint him as guardian. It must be remembered that Mulcey Manuel filed the petition requesting the court to appoint Carr Peterson guardian. Carr Peterson was not a party to this petition. The court refused to make the appointment. Mulcey Manuel, and the minor, Luther Manuel, and Carr Peterson all joined in the appeal. Thereafter Mulcey Manuel and Luther Manuel dismissed their appeal. The question involved is, whether Carr Peterson, not being a party to the proceeding below, could appeal in his own right, or in his own name. Section 6503, Revised Laws 1910, provides:

"A person interested in the estate or funds affected by the decree or order, who was not a party to the special proceeding in which it was made, but who was entitled by law to be heard therein, upon his application * * * or * * * may also appeal as prescribed in this article. The facts which entitle said person to appeal, must be shown by an affidavit, which must be filed with the notice of appeal."

Carr Peterson was not a party to the proceeding below, but was entitled to be heard, for the minor had appointed him as guardian. Had he filed the petition requesting to be appointed, he would have been a party to the proceeding. This, he failed to do. Mulcey Manuel filed the petition and became the party to the proceeding. If Carr Peterson had a right to appeal it was by virtue of the above section of the statute. The section of the statute provides that the facts which entitle said person to appeal must be shown by affidavit, which must be filed with the notice of appeal. This was not done. This court in a case very similar (In re Barnett's Estate, 50 Okla. 1, 150 Pac. 692), in dismissing the appeal under similar circumstances in a case where Sallie Barnett had filed a petition requesting the court to appoint E. G. Bailey administrator, denied the petition, and an appeal was taken. The bond was executed by Bailey, as principal, and the court, in dismissing the appeal, used the following language:

"It will be noticed that Sallie Barnett requested the appointment of E. G. Bailey as administrator of said estate, but the court refused to appoint him such administrator. A bond given by E. G. Bailey as principal is not a sufficient bond under said section, as the principal in said bond should be Sallie Barnett."

Carr Peterson having filed no affidavit at the time of giving notice of appeal from the order of the county court denying the petition of Mulcey Manuel to appoint him guardian, he would have no right to prosecute the appeal. Mulcey Manuel was the party who filed the petition requesting the appointment of Carr Peterson, she was the party to the proceeding, she had a right to appeal from an order denying her petition. Having appealed, she had a right to dismiss the same. If Carr Peterson had filed a petition for his appointment, he would have been a party to the proceeding, then it would have been unnecessary for him to file the affidavit set out in the statute to appeal. He could have been heard at the proceeding as filed; but not being a party to the proceeding, if he desired to appeal, it was necessary for him to file the affidavit. In appeals from probate proceedings where the party is not a party to the proceeding below, in order to appeal, the filing of the affidavit required by section 6503 is jurisdictional.

The plaintiff in error relies upon the case of In re Kirkman's Estate (California) 144 Pac. 745, but that case is distinguishable, for the reason the party in that proceeding filed the petition himself to be appointed guardian of the person and estate of the minor, and was a party to the proceedings, but in the case at bar Peterson filed no such petition, and therefore was not a party to the proceedings and his rights are controlled by section 6503, Revised Laws 1910.

For the reasons stated, the judgment of court is affirmed.

OWEN, C. J., and PITCHFORD, HIGGINS, and BAILEY, JJ., concur.