Charles E. ANDERSON, Administrator of the Estate of Arne N. Anderson, deceased, Plaintiff in Error,

v.

Mabel MILLER, Anna E. Ryan, and Ethel Anderson Shane, Defendants in Error.

No. 37488.

Supreme Court of Oklahoma.

March 11, 1958.

As Corrected April 9, 1958.

Rehearing Denied April 29, 1958.

**858** ◼ ▮▮▮▮▮▮▮▮▮▮▮

Wayne W. Bayless, Oklahoma City, G. C. Spillers, G. C. Spillers, Jr., Tulsa, for plaintiff in error.

I. D. Ross, David Ross (of Ross & Ross), Newkirk, for defendants in error.

WILLIAMS, Justice.

This is an appeal by Charles E. Anderson, administrator of the estate of Arne N. Anderson, deceased, from a judgment of the District Court of Kay County, which involved an appeal by Mabel Miller, Anna E. Ryan and Ethel Anderson Shane, hereinafter referred to as defendants in error, from an order or judgment of the County Court of Kay County, allowing certain attorney fees in connection with the estate of said deceased, and charging a portion of such fees against the shares and amounts awarded defendants in error as heirs of said deceased.

Plaintiff in error filed his final account and petition for distribution of the estate of Arne N. Anderson, deceased, on April 6, 1955, and an order was entered fixing the date of the hearing thereon as May 2, 1955. Notice of the hearing was given by publication and by notice mailed to the heirs at law of the deceased, as required by statute. The final account and petition for distribution, as filed, itemized a number of expenses including some expenses of the attorneys involved, and recited that after paying the same there would be the sum of $94,210.19 in the hands of the administrator ready for distribution to the heirs at law of the deceased. On April 26, six days before the hearing set for May 2, the attorneys involved filed an application for attorneys' fees and reimbursement for expenses. Such application recited the contracts the attorneys had with most of the heirs of the deceased and a résumé of the work they had done. As to the three defendants in error, with whom the attorneys had no contract, the application recites:

"Applicants further show to the court that during the course of this long and tedious litigation, which has involved considerable professional skill and arduous labor by applicants from June 1948 until March, 1955, certain persons who now appear to be heirs at law of Arne N. Anderson, deceased, to-wit: * * *. Mabel Miller, Anna E. Ryan and Ethel Shane, had refused or neglected to enter into this litigation or render any assistance therein, while the result of these labors and the efforts of clients of applicants, and the moneys which they have advanced, have resulted in procuring for them a large and substantial legacy, which would otherwise not have been theirs; * * *."

The application then prays for an attorney fee of 50%. It does not appear that any order setting such application for hearing

was entered or that any notice was given of the filing of such application or of the hearing thereof. On the date of the hearing, May 2, 1955, the three defendants in error were not present at the hearing, and some time thereafter learned that the county court, in its decree of distribution of the estate, had awarded each of them as their respective distributive shares of the estate, the sum of $2,871.40, less attorney fees of $1,435.70 to be deducted from each such share, the attorney fees allowed being 50% of the whole amount awarded said heirs. On May 26, 1955, notice of appeal from the order of distribution was filed by each of said defendants in error. Pursuant to the notice, an appeal was lodged in the district court, wherein a motion was filed by the administrator to dismiss the appeal from the county court on the ground that the notice of appeal was not filed within the time fixed by statute. The motion to dismiss was overruled and there was a trial in the district court on the issue relating to the allowance of the attorney fees as against the share and estate of the defendants in error, who contended that they were not subject to the payment of any attorney fees.

The hearing in the district court resulted in a judgment modifying the order of the county court with respect to attorney fees by reducing the amount charged as attorney fees against the three defendants in error from 50% of the amount awarded them to 25% of their distributive shares. The administrator filed a motion for new trial and, on denial thereof, has perfected this appeal.

As his first assignment of error plaintiff in error alleges that the trial court erred in refusing to dismiss the purported appeal of the defendants in error from the county court for lack of jurisdiction. Plaintiff in error asserts that the notice of appeal filed by the defendants in error in the county court was not filed within the time prescribed by law, and that the district court was without jurisdiction in the matter. 58 O.S.1951 sec. 724 provides:

"An appeal by a party, or by a person interested who was present at the hearing, must be taken within ten days, and an appeal by a person interested, who was not a party and not present at the hearing, within thirty days from the date of the judgment, decree or order appealed from."

Plaintiff in error contends that defendants in error were parties to the proceeding in the county court on the hearing on the final account and distribution of the estate, and as such were limited to the ten day period of appeal fixed by the quoted statute. Defendants in error assert that they were persons interested, that they were not parties and not present at the hearing, and, therefore, were entitled to appeal from the order of distribution within thirty days, as specified in the latter portion of the quoted statute.

Plaintiff in error concedes that he has been unable to find any authority whatsoever upon the question presented, either from this or any other jurisdiction, but asserts that defendants in error were parties to the proceeding on May 2, 1955, because they were named in the final account and petition for distribution as known heirs of the deceased, and notice of the hearing on the final account was mailed to them as required by statute, and that such was the only method by which they could be made parties to the proceeding. We do not agree.

The terms "party" and "parties" have many different meanings and definitions, depending generally upon the context in which such terms are used. The following definitions are found in 39 Am.Jur. 851, Parties, sec. 4:

"The term 'parties' is a technical word which has a precise meaning in legal parlance. It designates the opposing litigants in a judicial proceeding —the persons seeking to establish a right and those upon whom it is sought to impose a corresponding duty or liability; it includes all the persons by whom or against whom a suit, either

at law or in equity, is brought. In actions at law and in the civil actions under the code practice which in many states is substituted for the various common law forms of action and for actions in equity, the party complaining is known as the plaintiff, and the adverse party as the defendant. * * * Although in its broader respects the term 'parties' includes all who are directly interested in the subject matter of suit or some part thereof, and who have a right to make defense, control the proceedings, examine and cross-examine witnesses, and appeal from the judgment rendered, it is ordinarily used to designate only those who are named as such in the record and are properly served with process or enter their appearance. When a statute speaks of a party it refers to a party to the record, a plaintiff or a defendant, and generally those who are not named as such in the record are not properly regarded as parties and may not avail themselves of rights given to parties. One who is not a party to the record is not a party to the cause, although he may be interested, and in deciding who are parties to the record, the courts will not look beyond the record."

A somewhat similar definition of the word "party" is found in Webster's New International Dictionary, Second Edition, Unabridged, under definition 7.

◼ It appears from the foregoing that the term "parties" as used in connection with judicial proceedings, may be used in a restricted technical sense as referring to the opposing litigants, or may be used in its broader aspect as referring to all who are directly interested in the subject matter of the suit or some part thereof, and who have a right to make defense, control the proceedings, examine and cross-examine witnesses, and appeal from the judgment rendered. The statute above quoted deals with two types of appeals, that is, appeals by a "party" and appeals by a "person interested", one being governed by the ten day period and the other by the thirty day period. By virtue of 58 O.S.1951 sec. 722, "any party aggrieved" may appeal from an order or decree of the county court, and by virtue of 58 O.S.1951 sec. 723, "a person interested in the estate or funds affected by the decree or order, who was not a party to the special proceeding in which it was made, but who was entitled by law to be heard therein, upon his application" may also appeal. Obviously the terms "party" and "interested person", as used in the above quoted and cited statutes, are not synonymous and do not mean the same thing. Such being the case, it is apparent that the term "party" must have been used in its technical sense meaning "opposing litigants", rather than in its broader aspects as including all who are directly interested in the subject matter of the suit or some part thereof. Having determined that the word "party" is used in the above quoted and cited statutes in its restricted technical sense as designating one of the opposing litigants, we conclude that defendants in error were not litigants or parties in the special proceeding in county court, but were persons interested in the estate or funds affected by the decree or order, who were not parties to the special proceeding in which it was made, but who were entitled by law to be heard therein, upon their application.

58 O.S.1951 sec. 709 provides that all issues of fact joined in the county court must be tried by said court, and in all such proceedings, the party affirming is plaintiff, and the one denying or avoiding is defendant. In the case at bar, no issue of fact was joined between defendants in error and anyone else, and they neither affirmed, denied or avoided, but simply did not participate. It might be here noticed that one of the definitions of the word "party" given in Webster's New International Dictionary, supra, is "a participator." The case of Sutter v. Sockey, 97 Okl. 107, 223 P. 161, 162, involved the question of the validity of an attempted appeal from a judgment of the county court in an action to determine heirs. In the body of the opinion it is recited that the record disclosed that the original proceeding was commenced on a

certain date and that plaintiff in error was named as a party defendant in the original petition; that plaintiff in error was served with notice of the proceeding; that a general appearance was entered in the case in the county court of plaintiff in error by his attorneys; that the journal entry of judgment of the county court recited that plaintiff in error appeared by his attorneys, and the statute above quoted is set out, after which it is said:

"This section gives a party to the record, or a person having an interest in the proceeding and present at the hearing, but not a party of record, 10 days in which to appeal. Others having an interest in the proceeding have 30 days in which to appeal. Charles Sutter, the plaintiff in error here, was a party defendant of record, and was represented at the hearing, and falls within the class of persons required to appeal within 10 days."

In the case at bar, defendants in error did not appear in the proceedings in the county court at all, either in person or by attorney, and filed no pleadings therein, joined no issue with anybody, and in no way made themselves a party to the record or to the proceedings. In this connection see Peterson v. Brook, 76 Okl. 295, 185 P. 440.

We conclude that the trial court did not err in refusing to dismiss the appeal of defendants in error from the county court for lack of jurisdiction.

■■■ As his second and last proposition plaintiff in error contends that the trial court erred in modifying the judgment of the county court in respect to the allowance of attorney fees. In support of this proposition, plaintiff in error asserts that the attorneys involved, by their efforts, brought a large and substantial fund into the estate of the deceased which greatly enhanced its value, and that the county court therefore had the power to compensate such attorneys for their extraordinary services from this fund, citing in support therof In re Schwint's Estate, 183 Okl. 439, 83 P.2d 161, 162. He then asserts that the attorney fee awarded by the county court was fair and equitable, and that the order of the district court on trial de novo in effect reducing that fee in respect to the defendants in error should be reversed with instructions to affirm the judgment of the county court. We agree that since these attorneys by their efforts brought a substantial fund into the estate of the deceased and thereby enhanced its value, the county court had the power to compensate them for such services. In In re Schwint's Estate, supra, we said:

"The employment of an attorney by an heir or legatee will not of itself create a liability on the part of the estate; but where such services benefit the estate as a whole the court may, if the facts justify it, allow out of the estate a reasonable fee for such services."

We do not agree, however, that the order and judgment of the district court upon trial de novo of this matter, on appeal from the county court, fixing attorney fees in the amount of 25% of the distributive shares of defendants in error, heirs, was against the clear weight of the evidence or constituted an abuse of discretion, under the facts in this case, defendants in error having filed no cross-appeal.

Judgment affirmed.

DAVISON, HALLEY, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

CORN, V. C. J., dissents.