In the Matter of the ESTATE of James R. DAVIS, Deceased.

Jorene DAVIS, Plaintiff in Error,

v.

R. Forney SANDLIN, Defendant in Error.

No. 39306.

Supreme Court of Oklahoma.

Nov. 21, 1961.

Rehearing Denied Dec. 19, 1961.

A. Carl Robinson, Julian B. Fite, Muskogee, for plaintiff in error.

Kay Wilson, Jr., Muskogee, for defendant in error.

DAVISON, Justice.

This is an appeal by Jorene Davis from a judgment of the District Court of Muskogee County dismissing her appeal from an order of the County Court of said county appointing R. Forney Sandlin, administrator of the estate of James R. Davis, deceased.

The facts are that R. Forney Sandlin filed his petition in the county court as "a legally competent person", praying that he be appointed administrator of the estate of James R. Davis, deceased. The petition described the property of the estate as a 1953 Oldsmobile automobile and the heirs as being Jorene Davis, wife of said deceased. Notice of hearing the petition on December 22, 1959, was duly given to Jorene Davis. She filed no pleading and made no appearance in the matter and R. Forney Sandlin was appointed and did qualify as administrator on the date set for the hearing. Thereafter Jorene Davis filed notice of appeal, describing herself as surviving wife and an interested party, and that the grounds of appeal "are both law and fact."

The administrator challenged the jurisdiction of the district court. The challenge was based on two grounds: (1) that the order complained of was made upon default (58 O.S.1951 § 722), and (2) that no affidavit of facts entitling Jorene Davis to appeal was filed with the notice of appeal (58 O.S.Supp.1953 § 723).

The record reflects that no such affidavit was filed and the notice of appeal is not verified. The district court sustained the plea that it was without jurisdiction and dismissed the appeal on the ground of failure to file the above described affidavit. Jorene Davis has perfected an appeal to this court.

It is urged that plaintiff in error is a "party" as provided in Section 722, supra, or if not a party, then she is an interested person as described in Section 723, supra, with undisputed interest and right to be heard.

Title 58 O.S.1951 § 722, is as follows:

"Any party aggrieved may appeal as aforesaid, except where the decree or order of which he complains, was rendered or made upon his default."

Conceding that plaintiff in error was a party then she must show that she falls within that class of persons entitled under the statute to appeal. She did not appear in person or by attorney at the hearing.

■ "Default" is defined as nonappearance of a party to an action or proceeding in court within the time prescribed by law to prosecute claim or make defense. Green v. Hight, 194 Okl. 214, 148 P.2d 475.

■ The order of which plaintiff in error complains was made upon her default and the express terms of Section 722 precludes her from, perfecting an appeal. Brigmam v. Cheney, 27 Okl. 510, 112 P. 993.

We will now consider plaintiff in error's appeal as a "person interested."

■ Title 58 O.S.Supp.1953 § 723, provides inter alia that a person interested in the estate or funds affected by the decree or order, who was not a party to the proceeding, but who was entitled by law to be heard therein, upon his application, may also appeal, and that:

"* * * The facts which entitle such person to appeal must be shown by an affidavit which must be filed with the notice of appeal."

Again conceding that plaintiff in error was such "a person interested" still she must file the required affidavit. No affidavit was filed.

This court has held that where under the provisions of 58 O.S.Supp.1953 § 723, a person interested attempts to appeal from a decree or order of the county court and fails to file the affidavit required by such statute the district court acquires no jurisdiction to consider the appeal. Peterson v. Brook, 76 Okl. 295, 185 P. 440; In re Barnett's Estate, 50 Okl. 1, 150 P. 692; and Baker v. Cureton, 49 Okl. 15, 150 P. 1090, 1093.

Plaintiff in error cites In re Walker's Estate; Walker v. Walker, 169 Okl. 100, 36 P.2d 10. The case is not in point because it deals with the right of a person interested to appeal and does not involve the question of the necessity of filing the affidavit required by Sec. 723, supra.

It is our opinion that under either of the contentions of plaintiff in error the appeal did not vest the district court with jurisdiction.

Affirmed.