733 P.2d 391 (1986)
In the Matter of the ESTATE OF Loy Richard GOYNE, Deceased.
Lorene GOYNE, Appellant,
v.
Billie Sue ALMANZA, Loy Doggett and Iva Marmie, Appellees.
No. 64645.
Supreme Court of Oklahoma.
October 28, 1986.
Rehearing Denied March 3, 1987.
Jack L. Rorschach, Vinita, for appellant.
Michael C. Taylor, Tulsa, for appellees.
*393 LAVENDER, Justice:
The deceased in this case, Loy Goyne, died intestate on December 1, 1980. Appellant, the deceased's second wife, petitioned the trial court for letters of administration. Appellant was subsequently duly appointed administratrix of the deceased's estate. Appellees, daughters of the deceased by a previous marriage, were given notice of the various proceedings regarding the administration of the estate.
A final decree settling the estate was filed on March 22, 1982. The court, in this decree, found that all of the property of the deceased had been held in joint tenancy with appellant and ordered all interests of the deceased transferred to appellant. From the statements of the parties on appeal it appears that appellees were present at the hearing which gave rise to the final decree. The record, however, does not reflect whether appellees entered an appearance or took an active part in that hearing. Appellees deny that they played any role.
On April 19, 1982, appellees filed a motion to vacate the final decree with affidavits from two of appellees setting forth grounds for challenging the final account of the administratrix on which the final decree was based. An order setting the motion to vacate for hearing on agreement of the parties and the trial court was entered on June 29, 1982.
No further action was taken in this case until April 4, 1984, when appellees filed an application for declaratory judgment seeking a determination as to the status of the various pieces of property which comprised the deceased's estate.
On May 31, 1985, the trial court entered an order vacating the final decree. The trial court also entered declaratory judgment, finding: "that all property for which documents do not contain language reflecting joint tenancy with right of survivorship was held by the decedent at the time of his death as a tenant in common with [appellant]."
From this order appellant brought a timely appeal alleging three grounds of error: 1) that the trial court lacked jurisdiction to vacate the final decree; 2) that the trial court erred in failing to dismiss the motion to vacate pursuant to Rule 9, Rules for District Courts;[1] and 3) that there was no evidentiary support for the trial court's finding that all of the estate property had not been held in joint tenancy.
The Court of Appeals, Division I, to which this appeal was initially assigned, found that the trial court did have jurisdiction to vacate the final decree under the court's term time rule.[2] The court further affirmed the trial court's ruling on the Rule 9 issue, but remanded the case on the question of which pieces of property were held in joint tenancy as not having been addressed by the trial court. Appellant sought certiorari from this Court for review of the Court of Appeal's decision. We have previously granted the requested writ.

I.
In her argument presented on certiorari, appellant now maintains that the legislative substitute for the court's term time rule, 12 *394 O.S. 1981 § 1031.1, does not authorize the trial court's action in this case because a more specific statute, 58 O.S. 1981 § 723, is controlling.[3] It is contended that section 723, as a statute specifically applicable to the administration of estates, should control over the provisions of section 1031.1.
We do not agree with appellant's contention. We have previously held that the Chapter on Vacation and Modification of Judgments By Trial Courts, 12 O.S. 1981 §§ 1031 through 1038, applies to trial courts sitting in probate jurisdiction.[4] It further appears that section 1031.1 provides specifically that action to vacate the judgment of the court may be taken by the court on its own motion or on motion of a party.[5] Section 723, on the other hand, provides that a person interested in the proceeding, who was not a party, may move to reopen the judgment.[6]
Both the provisions of section 1031.1 and section 723 would be available in proceedings regarding the administration of estates. However, the remedies provided by the two sections are available to different entities. Because of the specific circumstances of this case, discussed infra, we find section 723 to be specifically applicable to the present case and to support the trial court's vacation of the final decree.[7]
In her brief on appeal, appellant argued that appellees were not entitled to proceed under section 723 as they were parties to the proceeding which resulted in the final decree. In the case of Anderson v. Miller, 324 P.2d 856 (Okl. 1958),[8] this Court dealt with the distinction between who would be considered a party under the language of section 723 and who would be an interested person.[9] The facts of Anderson v. Miller are very similar to the present case. A group of heirs in that case sought the vacation of a decree of distribution as that decree had taxed the property to be awarded to them with a fifty percent attorney fee. The heirs seeking the vacation had been served with notice regarding the proceedings but had not appeared or taken an active part in those proceedings. This Court held that the use of the term "a party to the ... proceeding," as used in section 723 must be given a restrictive meaning limited to the designation of one of the opposing litigants.[10] The Court found that the heirs' failure to have taken an active part in the proceeding placed them in the category of "person[s] interested... who [were] not ... party to the ... *395 proceeding," who were entitled to bring a challenge to the decree under the time limits of section 723.
In the present case appellees were served with notice regarding the proceedings but did not take an active part. Appellees admit to being present at the hearing giving rise to the final decree. However, the record does not indicate that appellees entered an appearance at the hearing.[11] In short, appellees were not cast in the role of opposing litigants in the hearing in which the final decree was entered. Following the reasoning of Anderson v. Miller, appellees would not have been considered parties to the proceeding, but would be persons interested in the estate who would be entitled to bring a motion for vacation of the decree within thirty days of its entry. Appellees brought such a motion within the prescribed time limits.
Appellant also argues that the affidavits filed by appellees with the motion to vacate were not sufficient to set forth grounds for vacation of the decree. We have examined these affidavits and find them sufficient to support the trial court's ruling. These affidavits set forth grounds for the belief that not all of the assets of the deceased's estate had been made known to the trial court by appellant, the administratrix. The affidavits also set forth grounds for the belief that the deceased had not intended for all of his property to be held in joint tenancy.

II.
Appellant has also argued on appeal that the trial court erred in not dismissing appellees' motion pursuant to Rule 9, Rules for the District Courts.[12] Rule 9(b), upon which appellant relies, states:
Where an action is not diligently prosecuted, the court may require the plaintiff to show why the action should not be dismissed. If the plaintiff does not show good cause why the action should not be dismissed, the court shall dismiss the action without prejudice. A court shall dismiss actions in which no action has been taken for a year as provided in 12 O.S. 1981 § 1083.
Appellant's position is based upon the two year hiatus between the entry of the trial court's order setting the motion to vacate for hearing on agreement and the next filing in the case. However, 12 O.S. 1981 § 1083, upon which Rule 9(b) is based, states:
Any action which is not at issue and in which no pleading has been filed or other action taken for a year and in which no motion or demurrer has been pending during any part of said year shall be dismissed without prejudice by the court on its own motion after notice to the parties or their attorneys of record; providing, the court may upon written application and for good cause shown, by order in writing allow the action to remain upon its docket.
In this case it is clear that the motion to vacate remained pending during the two year period and was not subject to dismissal pursuant to Rule 9.

III.
Finally, in her petition for certiorari, appellant submits that the Court of Appeals erroneously determined that it could not address the question of the correctness of the trial court's ruling on the declaratory judgment aspect of the order which is the subject of this appeal. In that regard appellant and appellees had submitted argument as to what constituted a joint tenancy relationship in Oklahoma. The Court of Appeals, however, stated that the trial court's order did not determine which of the documents involved in the estate of the deceased had established joint tenancies and which had not, and noted that it would not determine an issue not decided by the trial court.
Appellant now suggests that this Court has all the materials before it for making *396 the determination requested from the trial court, and requests that this Court engage in finding of facts regarding which of the instruments submitted in the record on appeal established joint tenancies and which did not. We would point out to appellant that it is not the function of this Court to make an initial determination of fact questions which have properly been presented to the trial court but not determined by it.[13]
The Court of Appeals correctly determined that it could not determine the issues on appeal which had not been decided by the trial court. As a ruling on those questions is essential to the cause, we must remand this matter to the trial court for a determination as to which of the instruments at issue in the estate of the deceased created joint tenancy relationships and which instruments were not intended by the deceased to create such relationships.

IV.
The opinion of the Court of Appeals, Division I, in this matter is VACATED. The order of the trial court is AFFIRMED and the cause is REMANDED to the trial court for further proceedings consistent with this opinion.
SIMMS, C.J., DOOLIN, V.C.J., and HODGES, HARGRAVE, KAUGER and SUMMERS, JJ., concur.
OPALA and WILSON, JJ., concur in result.
NOTES
[1] Specifically, Rule 9(b), Rules for District Courts, 12 O.S. 1981, Ch. 2, App.
[2] In reaching this decision the Court of Appeals relied upon the cases of Tulsa Exchange Co. v. Kiester, 199 Okl. 440, 186 P.2d 808 (1947) and Morgan v. Phillips Petroleum Co., 202 Okl. 181, 212 P.2d 663 (1949). As noted by appellant in her petition for certiorari, both cases were decided prior to the enactment of the legislative substitute for the term time rule; 1969 Okla. Sess.Laws, Ch. 304, § 1, now codified as 12 O.S. 1981 § 1031.1. See Orthopedic Clinic v. Jennings, 481 P.2d 139 (Okl. 1971).
[3] See Minnesota Mining & Manufacturing Co. v. Smith, 581 P.2d 31, 35 (Okl. 1978), where we stated that a specific statute that is either more restrictive or expansive than section 1031.1 will control over section 1031.1. In this instance, it should be noted, section 1031.1 and section 723 both provide the same time frame for bringing a motion to vacate a decree.
[4] See Blancett v. Eslinger, 324 P.2d 273 (Okl. 1958); and see also Kelleam v. Kelleam, 198 Okl. 380, 178 P.2d 604 (1946).
[5] 12 O.S. 1981 § 1031.1, provides:

Within thirty (30) days after the rendition of a judgment, the court, of its own initiative or on motion of a party, may correct, open, modify or vacate the judgment. The court may prescribe what notice, if any, shall be given.
[6] 58 O.S. 1981 § 723, provides:

A person interested in the estate or funds affected by the decree or order, who was not a party to the special proceeding in which it was made, but who was entitled by law to be heard therein, upon his application, or who has acquired, since the decree or order was made, a right or interest which would have entitled him to be heard, if it had been previously acquired, may move to reopen the judgment within thirty (30) days from the date of the decree or order. The facts which entitle such person to vacate the judgment must be shown by an affidavit which must be filed with the motion to vacate.
[7] The Court of Appeals, in its opinion, made a specific finding that 58 O.S. 1981 § 723 was not applicable.
[8] 324 P.2d 856 (Okl. 1958).
[9] Although Miller dealt with an earlier version of section 723 which gave the right to an interested party to appeal a decree of the county court to the district court, the operative language of the statute remains unchanged. The amendment, 1968 Okla. Sess. Laws, Ch. 413, § 2, changed only the remedy and did not affect the language establishing to whom the remedy was available.
[10] 324 P.2d at 860.
[11] It is the obligation of appellant to present a record to support her allegations of error. See McGhee v. McAllister, 474 P.2d 940 (Okl. 1970).
[12] Supra, note 1.
[13] Davis v. Gwaltney, 291 P.2d 820, 824 (Okl. 1955).