In the Matter of the ESTATE OF Laura Mae DORN, a/k/a Laura M. Dorn, Deceased.

Lynn M. MARK, Appellant,

v.

Richard D. DORN, Executor of the Estate of Laura Mae Dorn; Richard D. Dorn, Individually, Appellees.

No. 71123.

Court of Appeals of Oklahoma, Division No. 3.

July 11, 1989.

Rehearing Denied Oct. 23, 1989.

Certiorari Denied March 6, 1990.

James R. Eagleton, Marc F. Conley, Houston & Klein, Tulsa, for appellant.

M.M. McDougal, Gregory Allen Gray, Rogers & Bell, and Charles A. Froeb, Tulsa, for appellees.

## MEMORANDUM OPINION

REYNOLDS, Judge:

Laura Mae Dorn, a/k/a Laura M. Dorn (Testator) died testate on December 29, 1986, leaving a sizeable estate. Testator's will dated April 29, 1983 provided, in pertinent part:

> I am a widow and my family consists of my son, Richard D. Dorn, presently residing at Oklahoma City, Oklahoma.

> \* \* \* \* \* \*

> I give and bequeath all of my estate, real property, personal or mixed property of whatever character and wheresoever situate of which I die zeized (sic) or possessed, or which I may own to Richard D. Dorn, my son to be his forever.

Testator gave birth to three children during her lifetime, Richard D. Dorn, Kenneth C. Dorn, deceased, and Jacqueline Dorn Murphey, deceased.

Testator's will made no mention of Kenneth C. Dorn or Jacqueline Murphey Dorn, who both predeceased testator. Testator's will also made no mention of testator's granddaughter, Appellant Lynn Mark, the daughter of Jacqueline Dorn Murphey.

Appellee Richard D. Dorn filed a petition for probate of will and for determination of identity of heirs, devisees and legatees, listing himself and Appellant as the heirs of testator. Notice was mailed to Appellant and was published according to law. Appellant did not appear at the hearing on the petition.

Dorn subsequently filed his petition for approval of final account, determination of heirs and decree of distribution. The trial court entered its order and notice of final account, and Appellant was again notified by mail. Notice was also published pursuant to law on March 17 and March 24, 1988. Appellant also failed to appear, in person or by counsel or agent at the April 6, 1988 hearing on the petition for approval of final account, determination of heirs and decree of distribution.

The trial court decreed, upon the pleadings and testimony of Appellee Dorn, that Appellant and Dorn are testator's sole surviving heirs and that pursuant to the terms of testator's will, Dorn is the sole legatee and devisee entitled to distribution of the entire estate.

Appellant filed a motion for new trial, motion to vacate part of decree of distribution and application for share as pretermitted heir. Appellant filed no affidavit in support of her motion to vacate one day after the decree of distribution was issued.

On May 17, 1988, the trial court issued its order denying Appellant's motion for new trial, motion to vacate part of decree of distribution and application for share as pretermitted heir. The trial court found that the proceedings for final settlement of the estate are by nature in rem. It found Appellant was given proper notice of the proceedings and that it was her responsibility to advance her claim as a pretermitted heir. Having failed to make any claim to the estate before the decree of distribution was issued, the trial court found that pursuant to 58 O.S.1981, § 632, the decree of distribution is conclusive as to the rights of the heirs, legatees and devisees, subject only to be reversed, set aside or modified on appeal. The court found that it was without authority to order a new trial or modify its order. Appellant now appeals.

Appellant contends on appeal that the trial court erred in ordering distribution of the entire estate to Appellee after finding Appellant to be the pretermitted heir of the testator. Appellant also contends that Appellee as executor of the estate had a duty to insure that the rightful heirs of the estate received the share to which they were entitled.

Both parties agree that Appellant falls within that class of individuals provided for in 84 O.S.1981, § 132, which states:

> When any testator omits to provide in his will for any of his children, or for the issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section.

Thus, as the pretermitted heir of the testator, Appellant was entitled to the same share in the estate of the testator as if she had died intestate—or one-half (½) of the estate. 84 O.S.Supp.1985, § 213.

The trial court relied upon 58 O.S.1981, § 632 in determining that it had no power to vacate or modify the decree of distribution.

Section 632 provides:

> "In the order or decree, the court must name the persons and the proportions of parts to which each shall be entitled, and such persons may demand, sue for and recover their respective shares from the executor or administrator, or any person having the same in possession. Such order or decree is conclusive as to the rights of heirs, legatees or devisees, subject only to be reversed, set aside, or modified on appeal."

Section 632 requires the trial court to name the persons and portions of the estate to which each is entitled.

Although the court named Appellant as the pretermitted heir of the testator, it failed to apportion any part of the estate to her. Pursuant to the mandatory language of Section 632 that the omitted heir "must have the same share in the estate of the testator, as if he had died intestate," the trial court had no discretion to deny Appellant her share of the estate, regardless of the fact that Appellant failed to make a claim prior to issuance of the decree of distribution.

Pursuant to Section 632, this Court may reverse, set aside or modify the decree on appeal. We find justice requires that Appellant receive her rightful share of the estate as a pretermitted heir.

Furthermore, the trial court disregarded 58 O.S.1981, § 723 which provides:

> A person interested in the estate or funds affected by the decree or order, who was not a party to the special proceeding in which it was made, but who was entitled by law to be heard therein, upon his application, or who has acquired, since the decree or order was made, a right or interest which would have entitled him to be heard, if it had been previously acquired, may move to reopen the judgment within thirty (30) days from the date of the decree or order. The facts which entitle such person to vacate the judgment must be shown by an affidavit which must be filed with the motion to vacate.

Since Appellant was not a "party" to the proceeding, the motion to vacate filed one day after the decree of distribution was issued, was timely and the trial court had the authority to consider it. 58 O.S.1981, § 723; *Estate of Goyne,* 733 P.2d 391 (Okl. 1986). Although Appellant failed to file an affidavit along with her motion to vacate, we do not find that omission to be fatal to her claim. Appellant's motion on its face showed facts sufficient to justify vacation of the decree and an affidavit under these circumstances would have been superfluous.

*In Estate of Goyne,* supra, the Oklahoma Supreme Court held that both the provisions of Section 723 and 12 O.S.1981 § 1031.1 are available in proceedings regarding the administration of estates.

Title 12 O.S.1981, § 1031.1 provides:

Within thirty (30) days after the rendition of a judgment, the court, of its own initiative or on motion of a party, may correct, open, modify or vacate the judgment. The court may prescribe what notice, if any, shall be given.

■ Based on the above provision, the trial court was also clothed with the discretion to vacate the decree and to order distribution of one-half (½) of the estate to Appellant for sufficient cause shown. See *Jones v. Strain,* 603 P.2d 353, 355 (Okl. App.1979). Appellant's motion filed one day after the decree was issued, set forth sufficient cause to vacate the decree. We find the trial court abused its discretion in not granting Appellant's motion to vacate and in failing to order distribution of one-half (½) of the estate to Appellant. *Schepp v. Hess,* 770 P.2d 34 (Okl.1989). It was the trial court's duty in this probate proceeding to determine the heirs, their respective rights of inheritance, and to distribute the estate in accordance with the terms of the will and 84 O.S.1981, § 132. See 58 O.S. 1981, § 631. It was also Appellee's duty, as executor of the estate, to protect the heirs and to fully advise the Court regarding the rights of those heirs. See *State ex rel, Oklahoma Bar Association v. Latimer,* 499 P.2d 399, 400 (Okl.1972).

■ Appellant was not required to file a pleading setting forth her claim to the estate before the trial court could distribute her statutorily entitled share. *Boyes' Estate v. Boyes,* 184 Okl. 438, 87 P.2d 1102, 1105 (1939). The trial court was obligated to protect Appellant's interests as an heir to the estate as well as the interest of Appellee. Appellant is rightfully entitled to her share of the estate as a pretermitted heir and the trial court erred in denying Appellant her share based upon technicality.

For the reasons set forth above, the trial court's judgment denying Appellant's motion for new trial, motion to vacate part of decree of distribution and application for share as pretermitted heir is REVERSED and REMANDED to the trial court with instructions to issue a decree of distribution consistent with the views expressed herein. Appellant's Motion for Leave to Supplement Brief in Chief is hereby granted. Appellee's motion to dismiss appeal contained in his response to the petition for review is hereby DENIED.

HANSEN, P.J., and BAILEY, C.J., concur.