2007 OK CIV APP 81

In the Matter of the ESTATE OF Luther Elmer NELSON, Deceased.

Michael Elmer Nelson, Appellant,

v.

Deborah L. Billings, Personal Representative of the Estate of Luther Elmer Nelson, Appellee.

No. 103,816.

Court of Civil Appeals of Oklahoma, Division No. 4.

April 11, 2007.

Rehearing Denied Aug. 31, 2007.

Vestor Songer, Hugo, Oklahoma, for Appellant.

David W. Kelley, Durant, Oklahoma, for Appellee.

DOUG GABBARD II, Presiding Judge.

¶ 1 Appellant, Michael Elmer Nelson, appeals the trial court's denial of his objections to, and its approval of, the final account and petition for distribution filed by Appellee, Deborah L. Billings, Personal Representative of the Estate of Luther Elmer Nelson, deceased. We reverse with directions.

## BACKGROUND

¶ 2 In December 2004, Luther Elmer Nelson died, leaving three adult children: Appellee, Deborah L. Billings; Appellant, Michael Elmer Nelson; and Stephen Mark Nelson. In his Last Will and Testament, Mr. Nelson made a specific bequest of realty to each child; directed that any mineral interest he owned be divided equally among his children, share and share alike; and further directed that the residue of his estate be distributed equally to his three grandchildren, share and share alike. Mr. Nelson also designated Appellee as his personal representative and gave her the power to sell or mortgage any part of his real estate which she deemed "expedient and necessary" and "for the best interest of my estate."

¶ 3 In early 2005, Appellee filed a probate action, was appointed personal representative, and obtained an order determining the heirs and devisees of decedent as set forth in his Last Will and Testament. Thereafter, she determined that the estate only consisted of the realty specifically distributed to herself and her siblings, plus a small bank account. Although the estate was exempt from payment of estate and inheritance taxes, it became obvious that the costs and expenses of administration would exceed the amount of funds contained in the bank account. Accordingly, Appellee sought and received permission of the court (over Appellant's objection)to sell a pipeline easement over the realty specifically devised to Appellant. Appellant did not appeal this order. The sale was conducted, and, eventually, the costs and debts of administration were paid.

¶ 4 However, when Appellee filed her final account and petition for distribution, she requested that the sale funds remaining after payment of administration costs be considered residue of the estate and be distributed to Mr. Nelson's three grandchildren. Appellant objected, claiming that he was not only entitled to the balance of the sale proceeds, but that he was also entitled to ratable contribution from Appellee and his brother for administration expenses paid out of his specific devise.

¶ 5 The trial court overruled Appellant's objection and approved the final account and petition for distribution. The trial court also approved attorney fees sought by Appellee in

connection with the objections filed by Appellant. Appellant appeals.

## STANDARD OF REVIEW

■ ¶ 6 Probate proceedings are generally of equitable cognizance, which means that an appellate court will not disturb the trial court's order unless it is clearly contrary to the weight of the evidence. *In re Estate of Maheras,* 1995 OK 40, ¶ 7, 897 P.2d 268, 271–72. However, an appellate court must independently review questions of law using a *de novo* standard. *Weeks v. Cessna Aircraft,* 1994 OK CIV APP 171, ¶ 5, 895 P.2d 731, 733 (approved for publication by the Supreme Court).

## APPELLEE'S MOTION TO DISMISS

■ ¶ 7 As an initial matter, Appellee asserts that this appeal should be dismissed pursuant to Supreme Court Rule 1.6(c)(1), 12 O.S.2001, ch. 15, app. 1, for Appellant's failure to give notice of the petition in error to all necessary parties in this case. That rule provides that an appeal may be dismissed for, among other things, failure to comply with Supreme Court rules. Here, Appellant gave notice of the petition in error to Appellee, but not to his brother, Stephen Mark Nelson, or the three grandchildren who are residuary heirs. Appellee argues that failure to provide proper notice to all necessary parties is a jurisdictional defect entitling her to a dismissal, *see Tinker Investment and Mortgage Corp. v. City of Midwest City,* 1994 OK 41, 873 P.2d 1029. This motion presents a matter of first impression.

¶ 8 Under Oklahoma's probate code, a personal representative must file a final account, give notice thereof to all "heirs, legatees and devisees," and if "any person interested" appears and files a written exception thereto, the court must proceed to hear same. 58 O.S.2001 §§ 541, 553, & 554. The probate court's order approving or disapproving a final account and petition for discharge is appealable by right. 58 O.S.2001 § 721. Probate appeals are taken as appeals in other district court cases. 58 O.S.2001 § 724. Supreme Court Rule 1.23(c) provides that a copy of the petition shall be filed in the trial court and mailed to "each party to the appeal." It further provides:

> Parties served with process or entering a general appearance in the trial court constitute parties to the appeal.

Similarly, Supreme Court Rule 1.4(g), 12 O.S. Supp.2006, ch.15, app.1, provides that an appellant must give proper notice of his petition in error to those persons entitled to notice under 12 O.S.2001 § 2005(B). Under § 2005(A), service of every pleading must be made upon "each of the parties."

■ ¶ 9 As indicated, under 58 O.S.2001 § 554, any "party interested in the estate" may file a written objection to a final account and petition for distribution. The term "interested party" includes the heirs, devisees, legatees, and, sometimes, creditors of the estate. *Williams v. Mulvihill,* 1993 OK 5, n. 25, 846 P.2d 1097, 1104. However, the Supreme Court has long recognized the distinction between an "interested party" entitled to notice and a right to object to final accounts, and a "party" to a probate proceeding.

¶ 10 In *Anderson v. Miller,* 1958 OK 67, 324 P.2d 856, the Supreme Court noted that the use of the term "a party to the . . . proceeding" as used in what is now 58 O.S. 2001 § 723 (a statute authorizing motions to vacate certain probate orders) refers to interested parties who actually appear and take an active part in the contested proceedings. The court held that the heirs' failure to take an active part in the proceeding placed them in the category of "persons interested . . . who were not parties to the . . . proceeding." *Id.* at ¶ 7, 324 P.2d at 860.

■ ¶ 11 Generally, a personal representative represents the interests of all the heirs. In *Jameson v. Goodwin,* 1914 OK 296, 141 P. 767, the appellant had filed suit against the administrator of an estate and had joined all the heirs of the decedent as defendants. However, on appeal from an adverse judgment the appellant failed to give notice of his petition in error to one of the defendants/heirs. Upon considering a motion to dismiss, the Supreme Court found that the heirs were not necessary parties in the trial court and, therefore, were not necessary parties entitled to notice on appeal.

¶ 12 In the present case, the other heirs, devisees, and legatees of the decedent did not take an active part or enter their appearance in the hearing on Appellant's objection to the final account and petition for distribution, were not opposing litigants in the trial court, and, therefore, were not necessary parties to this appeal. Accordingly, the motion to dismiss is overruled.

## ANALYSIS OF APPELLATE ISSUES

¶ 13 On appeal, Appellant raises two propositions of error: first, the trial court erred by failing to order contribution from the other two specific devisees at the time of the final account; and, second, the trial court erred in granting Appellee an attorney fee for contesting Appellant's request for contribution.

■ ¶ 14 Under 84 O.S.2001 § 3, estate debts, administration expenses, and family allowances must be paid from estate property in the following order:

1. The property which is expressly appropriated by the will for the payment of the debts,

2. Property not disposed of by the will,

3. Property which is devised or bequeathed to a residuary legatee,

4. Property which is not specifically devised or bequeathed, and,

5. All other property **ratably**. (Emphasis added).

Title 58 O.S.2001 § 471 authorizes the payment of debts and expenses from specific devises or legacies in proportion to the value of same:

The estate, real and personal, given by will to legatees or devisees, is liable for the debts, expenses of administration, and family expenses, **in proportion to the value or amount of the several devises, or legacies,** but specific devises or legacies are exempt from such liability if it appears to the court necessary to carry into effect the intention of the testator, and there is other sufficient estate. (Emphasis added).

Title 58 O.S.2001 § 472 further provides:

When an estate given by will has been sold for the payment of debts or expenses, **all the devisees and legatees must contribute according to their respective interests to the devisee or legatee whose devise or legacy has been taken therefor,** and the district court, when distribution is made, must, by decree for that purpose, settle the amount of the several liabilities, and decree the amount each person shall contribute, and reserve the same from their distributive shares respectively, for the purpose of paying such contribution. (Emphasis added).

¶ 15 In *Tapp v. Mitchell,* 1960 OK 135, ¶ 23, 352 P.2d 900, 904, the Supreme Court explained:

The weight of authority holds that, on deficiency of assets for payment of debts and expenses of the estate, specific legacies and devises abate ratably unless a different intent clearly appears from the will. See 42 A.L.R. 1519. Our statutes support this rule. The provisions of probate code, 58 O.S.1951 §§ 381, 463, 471, as well as 84 O.S.1951 § 2, clearly charge all of decedent's property, without distinction between personalty and realty, with liability for payment of debts and expenses. Where there is insufficiency of other funds which precede in order of resort, a reduction or abatement of specific testamentary gifts must take effect in proportion to the value or amount of the several such devises or legacies. 84 O.S.1951 § 3, subdivision 4; 58 O.S.1951 § 471. The measure of liability is the value of respective properties at the testator's death. *Haslam v. De Alvarez,* 70 R.I. 212, 38 A.2d 158.

*Tapp* has been consistently followed by Oklahoma courts. *See In re Estate of MacFarline,* 2000 OK 87, 14 P.3d 551. Thus, absent clear testamentary intent to the contrary, the statutory provisions for contribution are mandatory. *In re Fletcher's Estate,* 1957 OK 7, 308 P.2d 304.

■ ¶ 16 In the present case, Appellant was clearly entitled to contribution from the other two specific devisees for administration expenses paid from his devise. The will's grant of an unconditional power of sale to Appellee cannot be construed as testamentary intent granting her the discretionary authority to assess costs and expenses to the

heirs, devisees, or legatees of her choice. Such a rule would empower a personal representative to defeat a testator's expressed intent. This would be contrary to the probate code's stated goal. *See* 84 O.S.2001 § 151.

¶ 17 Nor did Appellant waive contribution by failing to appeal the trial court's order authorizing the sale of the pipeline easement. Indisputably, the estate had insufficient assets to pay expenses of administration, and the sale of a portion of one or more tracts of realty was necessary. However, Appellant's right of contribution under 58 O.S.2001 § 472 did not arise until after the sale occurred, the costs of administration were calculated and paid, and distribution was requested.

¶ 18 Finally, Appellee's action in resisting Appellant's objection and request for contribution was without authority and contrary to clear statutory mandate. The trial court erred in granting her an attorney fee for contesting such objection.

## CONCLUSION

¶ 19 Accordingly, Appellee's motion to dismiss is denied. The trial court's order overruling Appellant's objection and approving Appellee's final account and petition for distribution is hereby reversed, with directions that the trial court require Appellee and Stephen Mark Nelson to ratably contribute to the payment of the administration expenses. The trial court's award of an attorney fee to Appellee shall be made without including the expenses incurred in contesting Appellant's objection to the final account and petition for distribution.

¶ 20 REVERSED WITH DIRECTIONS.

GOODMAN, J., and REIF, J., concur.